**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTHONY SMYTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 24 CV 859 |
| ) | |
| CITY OF CHICAGO, KRISTEN DANIELS, ) | |
| #13675, and O'SHEA, #10577, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

NOW COMES the Plaintiff, ANTHONY SMYTH, by and through his counsel,

SAMUELS & ASSOCIATES, LTD., and complaining of the defendants, CITY OF CHICAGO,

KRISTEN DANIELS, #13675, and O'SHEA, #10577, states as follows:

**INTRODUCTION**

This is a civil action seeking damages against defendants for committing acts

under color of law, and depriving Plaintiff of rights secured by the Constitution and

laws of the United States.

**JURISDICTION**

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the

Fourth and Fourteenth Amendments to the United States Constitution.

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. §

1331 and 1343 (a); the Constitution of the United States.

3. Pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

## PARTIES

4. Plaintiff ANTHONY SMYTH is a citizen of the United States of America, who, at all times relevant, resided in Cook County, Illinois.

5. Defendant POLICE OFFICERS KRISTEN DANIELS, #13675, and O'SHEA, #10577, ("Defendant Officers") were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

6. Defendant CITY OF CHICAGO ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officer.

## FACTS

7. On or around 28 June 2021, Plaintiff Anthony Smyth was driving when he was pulled over by Defendant Officers.

8. At all times relevant, Plaintiff had a FOID Card and a Concealed Carry License.

9. Plaintiff disclosed to Defendant Officers the presence of his guns—one on his hip and one in the vehicle.

10. Defendant Officers then arrested and charged Plaintiff with armed violence, alleging that his handgun was a rifle.

11. His handgun was not a rifle, and therefore he was not carrying it illegally.

12. Accordingly, Plaintiff's arrest and subsequent detention were based upon the defendant officers' fabrications, and were without genuine probable cause.

13. On June 23, 2023, counsel for plaintiff filed a motion to dismiss, pointing out that Plaintiff's handgun was not a rifle.

14. On 16 August 2023, all charges against Mr. Smyth were dismissed in a manner consistent with his innocence.

15. The acts of Defendant Officer were intentional, willful, and wanton.

16. As a direct and proximate result of the unlawful actions of the defendants, Plaintiffs were injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of their constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

### COUNT: 42 U.S.C. § 1983 – Fourth and Fourteenth Amendment

17. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

18. The search, seizure, and detainment of Plaintiff's person and property performed willfully and wantonly by Defendant Officers based upon false and fabricated evidence, as detailed above, were in violation of Plaintiff's rights under the Fourth and Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

19. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured.

WHEREFORE the Plaintiff, ANTHONY SMYTH, purusant to 42 U.S.C. §1983, demands judgment against Defendant Officers for compensatory damages, punitive

damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT II: Malicious Prosecution

20. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

21. By the actions detailed above, Defendant Officers knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.

22. Defendant City is sued in this Count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of this employment.

23. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

WHEREFORE the Plaintiff, ANTHONY SMYTH, demands judgment against the Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**


Respectfully Submitted,

4

**ANTHONY SMYTH**


By:  <u>s/ Jeanette Samuels</u>
*One of Plaintiff's Attorneys*


Jeanette Samuels
SAMUELS & ASSOCIATES, LTD.
53 West Jackson Blvd., Suite 831
Chicago, Illinois 60604
T: (872) 588-8726
F: (872) 813-5256
E: sam@chicivilrights.com

5